IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROSS JENKINS,

       Petitioner,

v.                                  Civil Action No. 5:15CV159
                                                (STAMP)
MARVIN PLUMLEY,

       Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DENYING PETITIONER'S MOTION FOR LEAVE TO AMEND THE PETITION,
DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE,
DENYING PETITIONER'S MOTION TO STRIKE,
OVERRULING RESPONDENT'S OBJECTIONS,
OVERRULING PETITIONER'S OBJECTIONS,
DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART AND DENYING IN PART § 2254 PETITION**

The petitioner, Ross Jenkins ("Jenkins"), filed this pro se[1] petition under 28 U.S.C. § 2254 challenging the validity of his West Virginia sentence. This matter was referred to United States Magistrate Judge James E. Seibert under Local Rule of Civil Procedure 72.01. The respondent ("the state") filed a motion for summary judgment. Magistrate Judge Seibert entered a report recommending that the state's motion for summary judgment be denied and that Jenkins's petition be granted. The state and Jenkins each filed timely objections. For the following reasons, the magistrate

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

judge's report and recommendation is adopted and affirmed, the parties' objections are overruled, the state's motion for summary judgment is denied, and Jenkins's petition is granted.

I. Background

In 1995, Jenkins was convicted of one count of breaking and entering in violation of West Virginia Code § 61-3-11(a) and two counts of second-degree sexual assault in violation of West Virginia Code § 61-8B-4. The state then filed an information under West Virginia Code §§ 61-11-18 and 61-11-19 to designate Jenkins as a recidivist based on his having been convicted of two prior felonies, permitting the imposition of a life sentence. A jury determined that he was a recidivist under the statute.

At sentencing on February 16, 1996, the state requested that Jenkins receive a life sentence for each of his three convictions to run consecutively. The court then sentenced Jenkins to a term of one to fifteen years as to the burglary and ten to twenty-five years as to each sexual assault to run consecutively. The court also separately sentenced Jenkins to a life sentence under the recidivist statute. The state then requested clarification from the court regarding whether the single life sentence applied to all three convictions as a unit, and the court stated that it was required to do so by the recidivist statute. The state then sought leave to withdraw the recidivist information, noting that on a single life sentence, Jenkins would be eligible for parole after

fifteen years, while he would be eligible for parole only after twenty-one years if each of his individual sentences were to run concurrently. The court granted the motion and sentenced Jenkins to a term of one to fifteen years as to the burglary and ten to twenty-five years as to each sexual assault to run consecutively, a total sentence of twenty-one to sixty-five years.

On November 21, 2012, Jenkins filed a pro se motion with the state court to correct his sentence, arguing that the sentencing court erred in granting the state's motion to withdraw the recidivist information. In effect, Jenkins sought to have the court impose a single life sentence as to all counts, making him immediately eligible for parole. The court appointed counsel to represent Jenkins in those proceedings. The court concluded that the recidivist statute must be applied to enhance one of the counts of conviction and that the other two counts would remain as separate sentences. Although Jenkins was represented by counsel at the hearing, he made pro se arguments to the court and requested that the court impose a single life sentence as to all counts as the sentencing court originally intended before dismissing the recidivist information. The court denied this request and attempted to advise Jenkins of the lengths of each sentencing option and asked him "do you want me to correct the sentences and sentence you to twenty-six to forty, or do you want me to keep the twenty-one to sixty-five?" ECF No. 1-4 at 13-14. Jenkins then

said "I'll take the twenty-six to forty." Id. The court then resentenced Jenkins to twenty-six years to life.

Jenkins appealed his resentencing, arguing that his new sentence violated the Double Jeopardy Clause of the Fifth Amendment as made applicable to the States via the Due Process Clause of the Fourteenth Amendment. The West Virginia Supreme Court of Appeals affirmed the new sentence, concluding that Jenkins's original sentence violated the recidivist statute and that his new sentence complied with the statute. Jenkins also filed a habeas petition in West Virginia court alleging ineffective assistance of counsel at his resentencing hearing and violations of double jeopardy. The petition was denied, Jenkins appealed, and the West Virginia Supreme Court of Appeals affirmed.

Jenkins then filed this petition under § 2254 alleging that his new sentence violates double jeopardy and that he had ineffective assistance of counsel at resentencing. The state filed a motion for summary judgment. Jenkins also filed a motion for leave to amend his petition, which the state opposes. Magistrate Judge Seibert then entered a report recommending that the state's motion for summary judgment be denied and that Jenkins's petition be granted as to the ineffective assistance of counsel claim. Magistrate Judge Seibert did not make a recommendation as to the double jeopardy issue. The state and Jenkins then filed timely objections to the report and recommendation.

4

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the parties each filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed, those findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against that party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most

favorable to the party opposing the motion.  See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  <u>See Celotex</u>, 477 U.S. at 322-23.  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact."  <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992).  However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986).  Moreover, "[t]he nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  <u>Othentec Ltd. v. Phelan</u>, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks omitted).  The nonmoving party must produce "more than a 'scintilla'" of evidence "upon which a jury could properly proceed to find a verdict for the party producing it."  <u>Id.</u> (internal quotation marks omitted) (quoting <u>Anderson</u>, 477 U.S. at 251).

III. <u>Discussion</u>

A. <u>Ineffective Assistance of Counsel</u>

Magistrate Judge Seibert concluded that Jenkins's counsel at resentencing provided constitutionally deficient representation. The state does not object to the magistrate judge's conclusion that Jenkins received constitutionally deficient representation. Rather, the state argues that Jenkins was not prejudiced. Because neither party objected to the magistrate judge's finding that Jenkins's counsel provided constitutionally deficient representation, this Court reviews that conclusion for clear error. The magistrate judge's conclusion that Jenkins was prejudiced will be reviewed <u>de novo</u>.

"[A] movant seeking collateral relief from his conviction or sentence through an ineffective assistance claim must show (1) that his counsel's performance was deficient[,] and (2) that the deficiency prejudiced his defense." <u>United States v. Basham</u>, 789 F.3d 358, 371 (4th Cir. 2015) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)). Counsel's performance was deficient if "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." <u>Strickland</u>, 466 U.S. at 688. There is a "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." <u>Harrington v. Richter</u>, 562 U.S. 86, 104 (2011) (internal quotation marks omitted). "The <u>Strickland</u>

7

standard is difficult to satisfy, in that the 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'" Basham, 789 F.3d at 371 (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)).

First, the magistrate judge concluded that Jenkins's counsel provided deficient representation because he failed to adequately advise Jenkins as to the consequences of resentencing. Jenkins's petition in the state court was based on his mistaken belief that if it were granted he would receive a single life sentence as to all counts. However, West Virginia law clearly provided that he would receive separate sentences for each count and that one of them would be enhanced to a life sentence. See State v. Housden, 399 S.E.2d 882, 887 (W. Va. 1990). Jenkins's counsel failed to appropriately counsel him on this issue and failed to correct his mistaken understanding of what his new sentence would be. The magistrate judge concluded that Jenkins's counsel should also have explained to the court at the resentencing hearing that Jenkins did not understand the consequences of his petition. Further, the magistrate judge concluded that the sentencing court incorrectly advised Jenkins of his resentencing options because the court did not clearly state that Jenkins would receive a longer sentence than he originally received. Magistrate Judge Seibert concluded that Jenkins's counsel should have objected to the court's explanation or at least sought clarification. The magistrate judge correctly

8

applied the first prong of the Strickland standard, and this Court finds no clear error.

Second, Jenkins was prejudiced by his counsel's deficient performance. To show prejudice, "[t]he movant must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694). Had Jenkins's counsel advised him that his total sentence could increase if his motion to correct his sentence were granted, he could have explored advocating for other sentencing options regarding which sentence should be enhanced and whether his sentences should run concurrently or consecutively. Regardless of whether Jenkins's ultimate corrected sentence must be higher than his original sentence, there is a reasonable probability that had he received competent representation his corrected sentence would have been different than the sentence he is now challenging.

The state argues that Jenkins was not prejudiced because he could not have retained his original, illegal sentence. However, as discussed above, Jenkins was prejudiced because he could have received a different sentence that was not necessarily lower than his original, illegal sentence. The state argues that a sentencing court has "a duty to correct [an] initial illegal sentence." State ex rel. Daye v. McBride, 658 S.E.2d 547, 552 (W. Va. 2007).

However, regardless of whether the state court could have permitted Jenkins to withdraw his motion to correct his sentence, Jenkins could have received a different sentencing outcome had competent counsel been provided. Accordingly, this Court finds that there is a reasonable probability that with proper representation Jenkins would have received a different sentence. Thus, Jenkins was prejudiced by his deficient representation and his Sixth Amendment right to counsel was violated.

B. <u>Double Jeopardy</u>

Magistrate Judge Seibert did not rule on Jenkins's double jeopardy claim. Rather, he concluded that these claims are irrelevant because they are based on Jenkins's misunderstanding of how the recidivist statute applies. Jenkins objects to the magistrate judge's decision not to rule on the double jeopardy issue. The state does not object to the magistrate judge's conclusions, but requests an opportunity to file additional briefing on this issue if this Court wishes to further consider it. This Court does not believe additional briefing is necessary for a determination of this matter. Further, because the magistrate judge did not determine this issue in the first instance, this Court will make a <u>de novo</u> ruling.

Jenkins fails to state a claim for a violation of double jeopardy. The Fifth Amendment provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or

10

limb." U.S. Const. amend. V. This Double Jeopardy Clause "protects against multiple punishments for the same offense." United States v. DiFrancesco, 449 U.S. 117, 129 (1980). Double jeopardy may be implicated where a sentencing court "increas[es] . . . the sentence relating to an unvacated conviction" and the "defendant acquired a legitimate expectation of finality in his [original] sentence." United States v. Olivares, 292 F.3d 196, 200 (4th Cir. 2002); see also Ward v. Williams, 240 F.3d 1238, 1242 (10th Cir. 2001); United States v. Fogel, 829 F.2d 77, 87 (D.C. Cir. 1987); United States v. Crawford, 769 F.2d 253, 257-58 (5th Cir. 1985). However, the correction of an illegal sentence that results in an increased sentence does not violate the Double Jeopardy Clause as "[i]llegal sentences do not confer legitimate expectations of finality because they are subject to change" and a petitioner "cannot gain a legitimate expectation of finality in a sentence that he challenged." Ward, 240 F.3d at 1243; see also United States v. Bentley, 850 F.2d 327, 329 (7th Cir. 1988); United States v. Guevremont, 829 F.2d 423 427-28 (3d Cir. 1987); Crawford, 769 F.2d at 257-58; Safrit v. Garrison, 623 F.2d 330, 332 (4th Cir. 1980) (in dicta); United States v. Stevens, 548 F.2d 1360, 1362-63 (9th Cir. 1977); United States v. Scott, 502 F.2d 1102, 1103 (8th Cir. 1974); Thompson v. United States, 495 F.2d 1304, 1305-06 (1st Cir. 1974).

Jenkins's original sentence was illegal under West Virginia law. In granting his habeas petition, the state court corrected his illegal sentence, resulting in an increased sentence. Because Jenkins's original sentence was illegal, he did not have a legitimate expectation of finality in it, regardless of the length of time he had served toward his illegal sentence.[2] Thus, Jenkins's double jeopardy claims fail.

C. <u>Motion for Leave to Amend and Motion for Stay and Abeyance</u>

As to Jenkins's motion to amend his petition and for a stay and abeyance, Magistrate Judge Seibert recommends denying those motions. Jenkins seeks to add a claim that his corrected sentence

---

[2]The magistrate judge suggests that due to the length of time it took to correct Jenkins's sentence, Jenkins could have developed an expectation of finality in his original sentence, resulting in double jeopardy. However, this concept as applied to the correction of illegal sentences has been explored by courts only in the context of substantive due process and whether correcting a sentence after an expectation of finality has formed violated principles of fundamental fairness. See <u>Hawkins v. Freeman</u>, 195 F.3d 732, 747-50 (4th Cir. 1999) (questioning whether crystalized expectations of finality may serve as a viable basis for finding a substantive due process violation where parole was revoked because it was erroneously and illegally granted); <u>United States v. Lundien</u>, 769 F.2d 981, 986-87 (4th Cir. 1985) (in dicta); <u>Breest v. Helgemoe</u>, 579 F.2d 95, 101 (1st Cir. 1978) (in dicta).

That issue is not before this Court. Jenkins's proposed amendment alleges that the corrected sentence violates due process because of the sentencing court's alleged vindictiveness in increasing his sentence. He does not allege that the length of time before the correction created an expectation of finality in his original sentence. Further, because Jenkins petitioned the state court to correct his sentence and acknowledged that his original sentence was illegal, it is unclear that he could have developed any expectation of finality in his original sentence.

12

violates due process because the court at resentencing vindictively increased his sentence to punish him for seeking a corrected sentence.  He also asks for a stay and abeyance to allow him to exhaust that claim in state court.  The magistrate judge concluded that this claim is clearly frivolous and that the amendment would, therefore, be futile.  Neither the state nor Jenkins objects to these rulings.  Thus, this Court reviews those conclusions for clear error.

The United States Court of Appeals for the Fourth Circuit has suggested that due process may be violated where a sentence that has been commenced is later increased "because of the vindictiveness or other plainly improper motive of the trial court."  United States v. Lundien, 769 F.2d 981, 987 (4th Cir. 1985) (citing North Carolina v. Pearce, 395 U.S. 711, 723-25 (1969), overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 802 (1989)).  The magistrate judge concluded that there is no indication of vindictiveness or improper motive because the court at resentencing was simply correcting Jenkins's original, illegal sentence by granting Jenkins's own habeas petition.  The court imposed Jenkins's new sentence as mandated by West Virginia law.  Accordingly, this Court finds no clear error.

## IV. Conclusion

For the above reasons, the magistrate judge's report and recommendation (ECF No. 40) is ADOPTED AND AFFIRMED.  The

respondent's motion for summary judgment (ECF No. 20) is DENIED. Jenkins's motion for leave to amend his petition (ECF No. 28) is DENIED, his motion for a stay and abeyance (ECF No. 29) is DENIED AS MOOT, and his motion to strike (ECF No. 30) is DENIED AS MOOT. The respondent's objections to the report and recommendation (ECF No. 42) are OVERRULED, and Jenkins's objections to the report and recommendation (ECF No. 43) are OVERRULED.  Further, Jenkins's § 2254 petition (ECF No. 1) is GRANTED IN PART and DENIED IN PART. Accordingly, this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      March 23, 2017

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE